1 | Milton W. Hathaway, Jr., Esq.
AZ State Bar No. 005442
2 | **MURPHY, SCHMITT, HATHAWAY,
WILSON & BECKE, P.L.L.C.**
3 | Attorneys at Law
325 W. Gurley Street, Suite 102
4 | Post Office Box 591
Prescott, Arizona 86302-0591
5 | (928) 445-6860
info@mshwlaw.com
6 | Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| Skylar Hatcher, a single woman, | ) | |
|---|---|---|
| Plaintiff, | ) Case No. | |
| vs. | ) | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Akash Hotels International, Inc. d/b/a Super 8 Motel Yuma; John Does I-V and Jane Does I-V; ABC Corporations I-V; XYZ Partnerships I-V, | ) | |
| Defendant. | ) | |

As and for her claims against Defendants, Plaintiff alleges:

**Parties**

1. Plaintiff is a single woman residing in Yuma, Arizona.

2. Defendant, Akash Hotels International, Inc. d/b/a Super 8 Motel Yuma is a foreign corporation authorized to and doing business in the State of Arizona and does or did business as

///

///

Super 8 Motel Yuma, and at all times material hereto was Plaintiff's employer, subject to the requirements of Title I of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. §12101 *et seq*.

3. John Does I-V and Jane Does I-V, ABC Corporations, and XYZ Partnerships are or were doing business in the State of Arizona and or were predecessors and/or successors to Defendant, Akash Hotels International, Inc. and were Plaintiff's employer at all material times hereto, were subject to the requirements of Title I of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. §12101 *et seq*., and all have actual knowledge of the dispute herein.

**Jurisdiction and Venue**

4. This Court has jurisdiction pursuant to 28 U.S.C. §1331, 42 U.S.C. §12117(a), and 42 U.S.C. §2000e-5(f).

5. Defendants, by virtue of their acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees, or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Yuma County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

6. Venue is proper in the District of Arizona, pursuant to 28 U.S.C. §1391(b) and because Defendants have caused events to occur in Arizona out of which Plaintiff's claims arise.

7. On August 25, 2017, Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), Charge No. 540-2017-01755, alleging, among other things, disability and retaliatory discrimination. Plaintiff has exhausted her administrative remedies through the EEOC.

8. Plaintiff received a Notice of Right to Sue with regard to her EEOC Charge of Discrimination and has timely commenced this action within ninety (90) days of receipt of her Notice of Right to Sue.

9. Plaintiff has met all administrative prerequisites to bring this lawsuit.

**General Allegations**

10. Plaintiff was initially hired by Defendants on or about January 24, 2017, as a housekeeper.

11. At all times relevant hereto, Plaintiff's job performance was at least satisfactory.

12. At the time of her hiring, Plaintiff's disability, achrondroplasia, a type of dwarfism, was obvious.

13. At all relevant times, Plaintiff was able to perform all of her job duties by utilizing a stool or ladder.

14. During her employment with Defendants, her boss, Rikki Mann, an employee of Defendants, constantly made comments to Plaintiff about her height, including comments that she should take medication to grow.

15. On March 26, 2017, Defendants employee, Rikki Mann, fired Plaintiff after telling her that she could not "do the work", because of her height, and terminated her employment because of her disability.

**Count I - Failure to Accommodate in Violation of ADA**

16. Plaintiff incorporates by reference Paragraphs 1 through 16 as though fully set forth herein.

///

3

17. At all relevant times during her employment with Defendants, Plaintiff was an individual with a disability under the ADA and that at all relevant times she had a physical impairment that substantially limited one or more major life activities, had a record of such impairment and/or was regarded by Defendants as having such an impairment.

18. At all relevant times during her employment with Defendants, Plaintiff was a qualified individual under the ADA in that she could perform the essential functions of her job with or without reasonable accommodations.

19. At all relevant times, Defendants were aware of Plaintiff's disability.

20. Plaintiff requested reasonable accommodation for her disability.

21. The reasonable accommodation requested by Plaintiff would not have caused an undue hardship to the operations of Defendants.

22. Defendants failed to provide Plaintiff with the reasonable accommodations she requested.

23. Defendants failed to engage in the interactive process to determine whether they could provide a reasonable accommodation for Plaintiff's disabilities.

24. As a result of Defendants actions, Plaintiff has suffered lost wages and benefits, mental anguish, emotional distress, pain and suffering, humiliation, and harmed reputation.

25. Defendants actions were done with malice and/or reckless indifference to Plaintiff's federally-protected rights.

**Count II - Discrimination in Violation of the A.D.A.**

26. Plaintiff incorporates by reference Paragraphs 1 through 25 as though fully set forth herein.

4

27.   Defendants engaged in unlawful employment practices by discriminating against Plaintiff by terminating her employment because of her disability.

28.   The unlawful employment practices of Defendants deprived Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee because of her requests for reasonable accommodations and for termination because of her disability.

29.   The unlawful practices complained of were intentional and caused Plaintiff to suffer lost wages and benefits, mental anguish, emotional distress, pain and suffering, humiliation, and harm to reputation.

30.   Defendants actions were done with malice and/or reckless indifference to Plaintiff's federally-protected rights.

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

A.   For an award of economic damages and in an amount sufficient to make Plaintiff whole for pecuniary losses, including, but not limited to, past and future lost income and benefits, and other economic losses suffered by Plaintiff resulting from Defendants conduct;

B.   For an award of compensatory damages, including her non-pecuniary losses, for emotional distress, pain and suffering, humiliation, harm to reputation, inconvenience, mental anguish, and loss of enjoyment of life;

C.   For an award of punitive damages;

D.   For an award of attorneys' fees and related expenses incurred herein pursuant to 42 U.S.C. §12205, 29 U.S.C. §794a(b), 42 U.S.C. §2000ff-6, and 42 U.S.C. §2000e-5(k);

E.   For an award of pre-judgment and post judgment interest;

///

F.   For such other and further relief as the Court deems just.

DATED this __6TH__ day of November, 2020.

      MURPHY, SCHMITT,
      HATHAWAY, WILSON & BECKE, P.L.L.C.

By: _/s/Milton W. Hathaway, Jr._
  Milton W. Hathaway, Jr., Esq.
  P. O. Box 591
  Prescott, AZ  86302-0591
  Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff, Skylar Hatcher, by and through counsel undersigned and pursuant to Rule 38(a)of the Federal Rules of Civil Procedure, hereby demands a jury trial for all issues so triable.

DATED this __6TH__ day of November, 2020.

      MURPHY, SCHMITT,
      HATHAWAY, WILSON & BECKE, P.L.L.C.

By: _/s/Milton W. Hathaway, Jr._
  Milton W. Hathaway, Jr., Esq.
  Attorneys for Plaintiff